*Smalls v. New York City Emps.' Ret. Sys.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-two.

PRESENT:
DENNY CHIN,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

JAMES SMALLS,

*Plaintiff-Appellant,*

v. 21-1214

NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM (NYCERS),

*Defendant-Appellee.**

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**FOR PLAINTIFF-APPELLANT:**     James Smalls, pro se, Riverdale, New York.

**FOR DEFENDANT-APPELLEE:**     Amy McCamphill and Deborah A. Brenner, *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED.**

Appellant James Smalls, proceeding pro se, appeals from the district court's judgment, following a bench trial, dismissing his due process and breach-of-contract claims related to the temporary suspension of his pension benefits by the New York City Employees' Retirement System ("NYCERS"). He also appeals from the district court's denial of his motion for a new trial under Federal Rule of Civil Procedure 59. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Smalls primarily challenges the district court's failure to give him the opportunity to cross-examine NYCERS's sole witness, Timothy Boos, whose direct

testimony at the bench trial was submitted via affidavit. We typically review such evidentiary rulings for abuse of discretion. *See United States v. White*, 692 F.3d 235, 244 (2d Cir. 2012). Smalls, however, did not object when the district court, after dismissing his breach-of-contract claim, concluded that Boos's testimony was not relevant to the remaining due process claim and that no cross-examination would be needed. We "ordinarily do not consider claims of error that were not properly raised at trial unless the error is plain," and we have "warned that the plain error exception should only be invoked with extreme caution in the civil context." *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996) (internal quotation marks omitted). "Only where an unpreserved error is so serious and flagrant that it goes to the very integrity of the trial will a new civil trial be warranted." *Id.* (internal quotation marks and alteration omitted).

We conclude that there was no such error here. Smalls asserted that he wished to cross-examine Boos on the issue of whether NYCERS's suspension of his benefits was due to a clerical error. But that issue was relevant neither to the due process nor to the breach-of-contract claim, which ultimately turned on whether NYCERS had an affirmative obligation to inform Smalls of his right to

3

challenge the suspension of benefits and whether Smalls sustained damages from the alleged breach of contract. *See* Doc. No. 69 at 5, 8–9.[2] Smalls does not explain how these claims would have been resolved any differently had Boos testified at trial about the clerical error and been cross-examined by Smalls.[3]

Smalls also contends that he would have cross-examined Boos about whether NYCERS's letter suspending his benefits was contrary to state retirement laws, which he likewise argues was a due process violation. But a violation of state law, by itself, does not constitute a due process violation, and again, Smalls fails to explain how his ability to cross-examine Boos at trial would have established that Smalls was deprived of adequate pre- or post-deprivation process. *See Weinstein v. Albright*, 261 F.3d 127, 134 (2d Cir. 2001) (stating that pre-deprivation due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and

---

[2] Unless otherwise noted, all record citations are to the district court docket, 18-cv-5248.

[3] Smalls argues that Boos's testimony could address whether the suspension of benefits was "erroneous in the first instance," but this has no bearing on the court's ultimate holding that Smalls had presented no evidence of damages on his contract claim. *See* Smalls Br. at 9; Doc. No. 69 at 5. Nor does Smalls explain how the district court would have ruled differently on his due process claim, as to which the court held that NYCERS had no affirmative obligation to inform Smalls of his right to challenge a suspension of benefits through a New York Article 78 proceeding.

afford them an opportunity to present their objections"); *see also New York State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 167-69 (2d Cir. 2001) (holding that a New York Article 78 proceeding is an adequate post-deprivation remedy).

We have considered all of Smalls's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment and Rule 59 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5